IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| RAYMOND EARL BARNETT | § | |
| VS. | § | CIVIL ACTION NO. 5:09-CV-60 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Raymond Earl Barnett, an inmate confined at the Polunsky Unit in Livingston, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends this action be dismissed as petitioner's bare innocence claim is not cognizable on federal habeas review and petitioner's other substantive claims are procedurally barred.[1]

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Petitioner filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court finds petitioner's objections lacking in merit. To the extent petitioner relies on actual innocence *per se* as a basis for relief, his contention is

---

[1] In his first state habeas application, petitioner raised only his actual innocence claim. Petitioner's claim of actual innocence was based on "newly discovered evidence," namely, the victim's affidavit recanting her trial testimony. This application was denied without written order. In his second state application, petitioner raised the following claims: (1) actual innocence, (2) ineffective assistance of trial counsel, (3) abuse of discretion of the trial court for denying petitioner the right to confrontation, and (4) ineffective assistance of appellate counsel. These are the same claims petitioner presents in the present application which were denied by the Texas Court of Criminal Appeals as successive.

without merit. The Supreme Court has held that a claim of actual innocence does not state an independent, substantive constitutional claim and is not a basis for federal habeas corpus relief. Although the Supreme Court left open the question of whether a truly persuasive actual innocence claim may establish a constitutional violation sufficient to state a claim for habeas relief, the Fifth Circuit has answered this question in the negative, holding that claims of actual innocence are not cognizable on federal habeas corpus review. *Herrera v. Collins*, 506 U.S. 390, 416, 113 S.Ct. 853, (5th Cir. 2003); *Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003); *Dowthitt v. Johnson*, 230 F.3d 733. 741 (5th Cir. 2000).[2]

Petitioner's actual innocence claim, therefore, may only serve as a gateway through which he may pass in order to have his procedurally barred constitutional claims considered on the merits. *Dowthitt*, 230 at 741, 42. As the Magistrate Judge correctly concluded, petitioner has failed to rebut the presumption of correctness given to the state court's implicit findings regarding the actual innocence claim, and petitioner has, therefore, failed to overcome the state procedural bar. Although the trial court took no overt action on petitioner's state application for writ of habeas corpus, pursuant to Art. 11.07, Section 3(c), this is still considered a finding that there were no controverted, previously unresolved facts material to the legality of the petitioner's confinement. TEX. CODE OF CRIM. P. Art. 11.07, Section 3(c).[3] Petitioner's application was then reviewed by the Texas Court of Criminal Appeals and was denied without written order on May 21, 2008. This denial, even though it does not contain a written opinion, is not silent or ambiguous. *See Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a

---

[2]Petitioner cites to *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Cr. App. 1996) and *Ex parte Bravo*, 702 S.W.2d 189, 193 (Tex. Crim. App. 1982) for the proposition that an actual innocence claim is cognizable on federal habeas corpus review. These cases, however, apply state law, not federal law, and so are not applicable to the present proceeding. Texas state habeas law does recognize a bare innocence claim. *Elizondo*, 947 S.W.2d 202.

[3]Texas Code of Criminal Procedure, Art. 11.07, Section 3(c) states the following: "[w]ithin 20 days of the expiration of the time in which the state is allowed to answer, it shall be the duty of the convicting court to decide whether there are controverted, previously unresolved facts material to the legality of the applicant's confinement. . . . If the convicting court decides that there are no such issues, the clerk shall immediately transmit to the Court of Criminal Appeals a copy of the application , any answers filed, and a certificate reciting the date upon which that finding was made. Failure of the court to act within the allowed 20 days shall constitute such a finding.

"denial" signifies an adjudication on the merits). It is a decision on the merits and is entitled to the AEDPA's deference. 28 U.S.C. § 2254(d); *see also Neal v. Puckett*, 239 F.3d 683, 686 (5th Cir. 2001) (in the context of federal habeas proceedings, "adjudication 'on the merits' is a term of art that refers to whether a court's disposition of the case was substantive."). Thus, deference to the state court decision is mandated by § 2254(d).[4] *See Morrow v. Dretke*, 367 F.3d 309, 313 (5th Cir. 2004).

The state habeas judge, the Honorable Laurine Blake, who was also the state trial judge, was in the best position to judge the credibility and trustworthiness of the victim's recanting affidavit in this case. She was directly aware of the dynamics of this particular case and heard the victim's testimony at trial. Because both state and federal courts have long viewed recanting affidavits with extreme suspicion, the state court's adjudication of petitioner's state bare innocence claim is not unreasonable, especially in light of the fact that the victim did not entirely repudiate her trial testimony.[5] Petitioner is not entitled to federal habeas relief unless he can demonstrate that the state court's adjudication of his claims was "contrary to, or involved an unreasonable application, of clearly established federal law" or was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). Petitioner has failed to meet his burden.

Petitioner also contends he is entitled to an evidentiary hearing concerning this federal petition. Petitioner, however, has not met the applicable standard to necessitate such a hearing. See 28 U.S.C. § 2254(e)(2)(B).

Finally, the Court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not

---

[4] Contrary to petitioner's belief, a full and fair hearing by the state court is not a prerequisite to the application of AEDPA's deferential framework. *Valdez v. Cockrell*, 274 F.3d 941, 948 (5th Cir. 2001). The portion of the Valdez opinion that petitioner cites to is from the dissenting judges in their opinion concerning the denial by the Fifth Circuit of the petition for rehearing en banc of the *Valdez* opinion.

[5] Unlike other cases involving recantations, the victim in the present case still acknowledges there was a sexual relationship between her and the petitioner but merely recanted the portion wherein she originally testified she had a sexual relationship with the petitioner prior to her 17th birthday. *See* affidavit attached to petitioner's original petition.

3

proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, petitioner has not shown that the issues are subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

ORDER

Accordingly, petitioner's objections are **OVERRULED.** The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations. A certificate of appealability will not be issued.

**SIGNED this 12th day of October, 2011.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE